TOBIAS, J.,
Concurs.
|tI concur in the decision of the majority. I write separately to address one matter not addressed by the majority.
The 25 April 2013 pleading filed by the defendants/appellants is captioned “Decli-natory Exceptions of Lis Pendens and Lack of Subject Matter Jurisdiction with Incorporated Memorandum.” That pleading is verified by Mr. and Mrs. Dick. As I read the pleading, it does not appear to be an answer to Mr. Krecek’s rule for eviction. The defendants/appellants filed a motion for suspensive appeal on 26 April 2018, the day following the judgment of eviction, which the trial court granted.
La. C.C.P. art. 4735 states:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the *267 premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal. [Emphasis supplied.]
I do not find that exceptions of the defendants/appellants assert an “affirmative defense.” As I understand an answer with an affirmative defense, |2such must positively show that the appellant is entitled to relief on the merits of the issue in the rule for eviction.
Since the plaintiff/appellee asserted that rent had not been paid, I find nothing in the defendants/appellants’ pleading that addresses the merits of the appellee’s suit against them. Therefore, no suspensive appeal is before us; the appeal, by operation of law, was converted into a devolutive appeal that is properly before us. Thus, the result reached by us is not affected.